# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Steven L. FELS
### Seaman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24226

### Docket No.  1165

### 23 May 2002

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Training Center Yorktown. Tried at Norfolk, Virginia, on 29 October 2001.

| | |
|---|---|
| Military Judge: | CAPT Thomas R. Cahill, USCG |
| Trial Counsel: | LT Cassandra A. Walbert, USCG |
| Assistant Trial Counsel: | LT Joseph Solomon, USCG |
| Defense Counsel: | LT David Peterson, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

### BEFORE
### PANEL SEVEN
### BAUM, BRUCE, & KILROY
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was found guilty of the following offenses: one specification of absence without leave in violation of Article 86 of the Uniform Code of Military Justice (UCMJ), one specification of larceny in violation of Article 121, UCMJ; one specification of willfully and wrongfully damaging property other than military property of the United States in violation of Article 109, UMJ; and one specification of wrongful use of 3, 4-methylenedioxymethamphetamine (MDMA), commonly known as "Ecstasy," and one specification of distribution of that controlled substance in violation of Article 112a, UCMJ.

Appellant was sentenced to a bad conduct discharge, confinement for 6 months, forfeiture of $675.00 per month for 6 months, and reduction to paygrade E-1.  The convening authority approved the sentence, which was permitted by the pretrial agreement.  Although not required by the terms of the pretrial agreement, the convening authority suspended execution of confinement

in excess of 5 months and 14 days, for a period of 12 months. Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

For the Court,



Roy R. Shannon, Jr.
Clerk of the Court